THE ATTORNEY GENERAL RECEIVED YOUR REQUEST FOR AN OPINION REGARDING RURAL WATER DISTRICTS AND LEGISLATIVE ACTIVITY. BECAUSE AT THE TIME YOUR OPINION REQUEST WAS RECEIVED, THERE WAS A COMPANION REQUEST FROM ANOTHER STATE AGENCY, THE PROCESS OF ANALYSIS AND REVIEW HAS TAKEN LONGER THAN HAD BEEN HOPED. I APOLOGIZE FOR ANY INCONVENIENCE THE DELAY MAY HAVE CAUSED. YOUR OPINION REQUEST WILL BE ADDRESSED IN AN INFORMAL OPINION LETTER. THEREFORE, THE OPINION CONTAINED HEREIN IS ONLY THAT OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND NOT THE OFFICIAL OPINION OF THE ATTORNEY GENERAL. YOUR REQUEST LETTER PRESENTED THE FOLLOWING QUESTIONS:
 1. HOW INVOLVED CAN RURAL WATER DISTRICTS BECOME WITH LEGISLATIVE MATTERS?
 2. IS IT APPROPRIATE TO USE DISTRICT FUNDS TO ISSUE NEWSLETTERS, TRAVEL FOR LOBBYING PURPOSES, AND USE DISTRICT FACILITIES FOR THE PURPOSE OF INFORMING MEMBERSHIP, REGULATORY AGENCIES, AND POLITICAL REPRESENTATIVES OF THE DISTRICT'S POSITION ON LEGISLATIVE AND/OR REGULATORY MATTERS?
IN A RECENT FORMAL ATTORNEY GENERAL OPINION, THE ATTORNEY GENERAL OPINED, THAT RURAL WATER, SEWER, GAS AND SOLID WASTE MANAGEMENT DISTRICTS ORGANIZED AND OPERATED UNDER THE TERMS OF 82 O.S. 1324.1 (1981) ET SEQ., ARE NOT ENTITIES OF STATE GOVERNMENT FOR THE PURPOSES OF THE STATE'S RISK MANAGEMENT PROGRAM. RATHER, RURAL WATER DISTRICTS ARE DEEMED TO BE PUBLIC CORPORATIONS AND POLITICAL SUBDIVISIONS FOR THE PURPOSE OF THE TORT CLAIMS ACT, 51 O.S. 151 ET SEQ. ATTORNEY GENERAL OPINIONS NO. 87-015 AND 85-177. RURAL WATER DISTRICTS ARE A HYBRID ENTITY AND CAN BE CONSIDERED STATE AGENCY OR POLITICAL SUBDIVISION DEPENDING UPON APPLICATION OF OTHER STATE STATUTES SUCH AS THE TORT CLAIMS ACT.
WITH REGARD TO WHETHER BOARD OF EDUCATION CAN EXPEND FUNDS TO DISSEMINATE INFORMATIONAL MATERIAL REGARDING SCHOOL BOND ELECTIONS, THE ATTORNEY GENERAL HAS STATED THAT BOARD HAVE SPECIFIC LEGISLATIVE AUTHORITY TO EXPEND FUND TO PROVIDE INFORMATION REGARDING SCHOOL BOARD ELECTIONS. ATTORNEY GENERAL OPINION NO. 83-115. RURAL WATER DISTRICTS HAVE BEEN GIVEN THE STATUTORY AUTHORITY TO DO AND PERFORM ALL ACTS AND THINGS, AND TO HAVE AND EXERCISE ALL POWERS AS MAY BE NECESSARY, CONVENIENT OR APPROPRIATE TO EFFECTUATE THE PURPOSES FOR WHICH THE DISTRICT IS CREATED. 82 O.S. 1324.10(A)(12).
THE PURPOSE OF RURAL WATER DISTRICTS RE TO DEVELOP AND PROVIDE ADEQUATE RURAL WATER SUPPLY AND TO SERVE AND MEET THE NEEDS OF ALL RURAL RESIDENTS WITHIN THE TERRITORY OF THE DISTRICT. THE LETTER FROM RURAL WATER DISTRICT NO. 3 WHICH ACCOMPANIED YOUR OPINION REQUEST, STATES THAT THE DISTRICT WOULD LIKE TO BECOME INVOLVED IN THE LEGISLATIVE PROCESS REGARDING LAW MAKING WHICH MIGHT EFFECT MEMBERSHIP COSTS FOR WATER SERVICES. FURTHER, THE DISTRICT WOULD LIKE TO INFORM ITS MEMBERSHIP REGARDING AREAS OF STATE AND FEDERAL REGULATIONS AND PROMISES THAT DISTRICT FUNDS WOULD NOT BE USED FOR PROMOTING CAMPAIGNS OR PARTY POLITICS. IT APPEARS THAT THE WATER DISTRICT WOULD SIMPLY LIKE TO USE THE MEDIUM OF A NEWSLETTER TO INFORM THE MEMBERSHIP OF PENDING LEGISLATIVE ACTION WHICH WOULD EFFECT RURAL WATER DISTRICTS.
THE USE OF SUCH A NEWSLETTER FOR INFORMATIONAL PURPOSES APPEARS TO BE WHOLLY APPROPRIATE AND IN KEEPING WITH THE EXPRESS STATUTORY POWER TO PARTICIPATE IN POLITICAL AND PUBLIC AFFAIRS WHICH ARE OTHERWISE NOT PROHIBITED BY LAW AND DO NOT COMPROMISE THE NEUTRALITY AND INTEGRITY OF AN EMPLOYEE'S ADMINISTRATION OF HIS STATE DUTIES. 74 O.S. 4242(C). IT APPEARS THAT THE TYPE OF NEWSLETTER CONTEMPLATED WOULD PROPERLY INFORM ITS MEMBERSHIP AND WOULD BE IN HARMONY WITH THE PURPOSE OF DEVELOPING AND PROVIDING ADEQUATE WATER SUPPLY TO ITS RURAL MEMBERS AND TO SERVE AND MEET THE NEEDS OF ITS MEMBERS.
(RACHEL LAWRENCE-MOR)